IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHYLLIS WHITTEN,

        Plaintiff,

    v.

FRONTIER COMMUNICATIONS CORPORATION, a Delaware corporation; CITIZENS TELECOM SERVICES CO.; KEVIN MAILLOUX; and Does 1 through 10, inclusive,

        Defendants.

2:12-cv-02926-GEB-JFM

ORDER DENYING MOTION TO REMAND

       Plaintiff moves to remand this case to the Superior Court of California, County of Sacramento, arguing that "[r]emoval was untimely[, and c]omplete diversity of citizenship does not exist." (Pl.'s Mem. P. & A. Supp. Mot. Remand ("Mot.") 3:25-26, ECF No. 9.) Defendants oppose the motion.

       Plaintiffs contend that removal was untimely because it was not completed "within thirty (30) days of Defendants' receipt of the complaint in this matter." (Mot. 1:20-21.) However, Plaintiff has not shown that "mere receipt of the complaint unattended by any formal service" triggers "a named defendant's time to remove." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347 (1999); accord Quality Loan Serv. Corp. v. 24702 Pallas Way, 635 F.3d 1128, 1138 (9th Cir. 2011). Therefore, this portion of Plaintiff's motion is denied.

Plaintiff also argues "Plaintiff Phyllis Whitten and Defendant Kevin Mailloux are both citizens ("domiciliaries") of California, thus defeating diversity." (Mot. 1:20-23.) Plaintiff contends certain sworn averments by Defendant Kevin Mailloux support her argument that he is domiciled in California. (Mot. 2:27-3:23.) For example, Mailloux declares that when he was recruited by Defendant Frontier Communications Corporation "to work as the Director of Human Resources for the West Region[,] . . . [he] was required to move from Arizona to work out of the Company's West Region corporate headquarters that is currently located in Elk Grove, California." (Mailloux Decl. ¶¶2-3, ECF No. 1-2.) Mailloux also avers that "[a]fter accepting the position with Frontier, [he] signed a one-year renewable lease on an apartment in Elk Grove, California . . . ." (Id. at ¶4.)

Defendants rejoin that "Plaintiff's argument that Mr. Mailloux is a domiciliary of California, rather than Arizona, fails because [it] ignores nearly every objective fact contained in [his] Declaration . . . that establishes [his] present intent to return to Arizona, including, but not limited to, his voter registration, location of real property, location of family, driver's license, and automobile registration." (Defs.' Opp'n 1:27-2:3, ECF No. 10.) Specifically, Defendants argue:

> Mr. Mailloux is registered to vote in the State of Arizona, not California. Second, and perhaps most importantly, Mr. Mailloux's wife and two children all reside in the home he owns in Scottsdale, Arizona, and he spends nearly every other weekend with his family in Scottsdale, Arizona. Third, nearly all of Mr. Mailloux's personal assets, including all of his bank accounts, are located in Arizona. When he accepted the new position with Frontier, he brought only his clothes, his car, and some basic personal necessities. Fourth, Mr. Mailloux has a valid Arizona driver's license indicating his home address in Scottsdale, Arizona, and his car is registered with the State of Arizona. Fifth, Mr. Mailloux is a member of the St. Patrick's Church in Scottsdale, Arizona, and

2

     maintains a membership at a fitness gym located in Arizona. Finally, Mr. Mailloux pays his property taxes in the State of Arizona and continues to file all of his income tax returns with the State of Arizona.

(Id. at 7:8-20 (internal citations omitted).)

  Defendants have shown diversity of citizenship since the balance of facts contained in Mailloux's uncontroverted declaration do not evince an "intention to remain" in California "indefinitely." Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986); see also Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is h[is] permanent home, where []he resides with the intention to remain or to which []he intends to return.").

  For the stated reasons, Plaintiff's motion to remand (ECF No. 9) is denied.

Dated:  March 29, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge